UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY ROBERT BRATTON, III,<br><br>                   Petitioner,<br>v.<br><br>ROBERT HERNANDEZ, Warden,<br><br>                   Respondent. | Case No. 07cv1699-L (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |

**INTRODUCTION**

This Report and Recommendation is submitted to United States District Judge M. James Lorenz pursuant to 28 U.S.C. § 636(b) and Local Civil Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

On August 27, 2007, Petitioner, a state prisoner appearing *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. No. 1 ("Pet."). Petitioner is not challenging his conviction or sentence, but rather the Board of Parole Terms' ("BPT") decision finding him to be unsuitable for parole. Id. On November 1, 2007, Respondent moved to dismiss the petition as procedurally defaulted. Doc. No. 6 ("Resp. Mtn."). Petitioner timely opposed

Respondent's motion. Doc. No. 7 ("Pet. Opp."). For the reasons set forth below, the Court recommends that Respondent's motion be **GRANTED** and the instant petition be **DISMISSED**.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 1974, Petitioner, then eighteen years old, murdered his neighbor, a deaf and mute adult female, and stole approximately eighteen dollars from her piggy bank. Petitioner's Lodgement 3 at 2. ("P. Lodg.").[1] Petitioner killed the victim by shooting her four times in the head and stabbing her approximately twenty-eight times. R. Lodg. 5 at 76. There also is evidence that Petitioner raped the victim, though this was not proven at trial. Id. at 76-77. In April of the following year, a jury found Petitioner guilty of first degree murder, first degree burglary, and first degree robbery, in violation of California Penal Code ("PC") §§ 187, 211, and 459. P. Lodg. 1. Though Petitioner originally was sentenced to death, this sentence later was reduced to life imprisonment. Id.; Pet. at 2.

Petitioner was incarcerated in 1975, Pet. Lodg. 4 at 1, and his first parole hearing was in 1980. Pet. Lodg. 3. The BPT denied parole that year, and in six subsequent annual hearings. Id. In 1987, the BPT gave Petitioner a 1992 parole release date, citing Petitioner's lack of criminal history, post-release employment options, self-improvement, and understanding of his guilt. P. Lodg. 4 at 60. In 1992, before Petitioner was to be released, the BPT rescinded Petitioner's parole, stating that the gravity of the commitment offense and unfavorable

---

[1] Both Petitioner and Respondent submitted lodgments which, confusingly, are labeled with overlapping numbers. Doc. Nos. 1, 6, 7. To clarify citation, those lodgments attached to Petitioner's petition, Doc. No. 1, are referred to as "P. Lodg.", while the letter attached to his opposition, Doc. No. 7, is called "P. Supp. Lodg." Likewise, the lodgments accompanying Respondent's motion to dismiss, Doc. No. 6, are referred to as "R. Lodg."

psychiatric evaluations rendered their previous decision a "fundamental error." P. Lodg. 9 at 83-84.

Petitioner's fourteenth parole hearing was held in September 2006, and he again was denied release based on the brutality of the underlying crimes, Petitioner's failure to address his motivations for the murder, and unfavorable psychiatric reports. P. Lodg. 12 at 87-91. Challenging the BPT's September 2006 decision, Petitioner filed habeas corpus petitions in the California Superior Court, Court of Appeal, and Supreme Court, which were denied at all three levels. R. Lodg. 2-4, 6. The most recent opinion, from the California Supreme Court, was a summary denial stating: "The petition for writ of habeas corpus is denied. (See *People v. Duvall* (1995) 9 Cal.4th 464, 474.)" P. Lodg. 2.

In August 2007, Petitioner filed the petition currently before this Court.[2] Doc. No. 1.

## DISCUSSION

### A. Scope of Review

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (LEXIS through 2005 legislation).

///

---

[2] Petitioner has filed at least three previous habeas petitions in the Southern District of California. Bratton v. Alameida, 02cv691-BTM (BEN); Bratton v. Hernandez, 06cv1195-L (RBB); Bratton v. Hernandez, 06cv2771-LAB (AJB). However, as the current petition is the most recent, and the only one to address the 2006 parole denial, "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2)(B)(i). It is therefore not "second or successive" such that it must be dismissed for lack of jurisdiction. Id.

**B. Procedural Default**

Respondent contends that the California Supreme Court denied Petitioner's petition on state procedural grounds, and that the petition is thus procedurally defaulted and must be dismissed. Resp. Mot. Petitioner argues that there was no such default, and that his petition is thus properly before this Court. Pet. Opp.

A habeas petition is procedurally defaulted when the last reviewing state court dismissed it for failure to comply with a state rule of procedure. Trest v. Cain, 522 U.S. 87 (1997); Lambright v. Stewart, 241 F.3d 1201, 1205 (9th Cir. 2001). When the procedural rule is independent of federal law and adequate to support the judgment, federal review of the claims is barred unless the petitioner can demonstrate either cause for the default and actual prejudice resulting from the alleged constitutional violations, or that failure to consider the claims will result in a fundamental miscarriage of justice. Carter v. Giurbino, 385 F.3d 1194, 1196-97 (9th Cir. 2004) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). Procedural default is an affirmative defense, and once the respondent has adequately pled the existence of independent and adequate state procedural grounds, the burden to place that defense in issue shifts to the petitioner. Bennett v. Mueller, 322 F.3d 573, 586 (9th Cir. 2003).

**1. The *Duvall* Denial Constitutes an "Independent and Adequate" State Procedural Ground Upon Which the California Supreme Court "Actually Relied"**

The last court to review Petitioner's claims was the California Supreme Court, which issued a one-sentence denial of the petition, citing People v. Duvall, 9 Cal.4th 464, 474 (1995). R. Lodg. 2; See Carter, 385 F.3d at 1197 (one-sentence summary denial of petition

incorporating unelaborated case citation sufficient for procedural default).  Petitioner's claim is thus procedurally defaulted if this citation to Duvall is an "independent and adequate" state procedural ground upon which the California Supreme Court "actually relied." Valerio v. Crawford, 306 F.3d 742, 773 (9th Cir. 2002) (en banc).  In the instant case, the state court relied on independent and adequate state grounds in denying Petitioner's claims.

A state court's denial is not independent when "it fairly appeared to rest primarily on resolution of [the petitioner's federal] claims, or to be interwoven with those claims." Coleman, 501 U.S. at 735; Park v. California, 202 F.3d 1146, 1151 (9th Cir. 2000) (citing Coleman, 501 U.S. at 733).  Here, the California Supreme Court cited to page 474 of its previous holding in Duvall.  R. Lodg. 2.  This portion of Duvall describes a habeas petitioner's duty under California law to "state fully and with particularity the facts on which relief is sought," and "include copies of reasonable documentary evidence supporting the claim." Duvall, 9 Cal.4th at 474; see King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003) (recognizing Duvall page 474 as requiring petitioner to plead with particularity).  This requirement is described in depth, and, though page 474 contains numerous citations to California authorities, there are none to federal law.  Id.

The cited portion of Duvall describes a California procedural rule, and, in denying Petitioner's claims, the state supreme court relied exclusively on this citation.  R. Lodg. 2.  As there was no mention of federal law, the state court's denial could not have rested on, or been interwoven with, such authority, and was thus "independent."  See Carter, 385 F.3d at 1197 (denial independent when "[n]o analysis of federal law enters into the [] equation"); Valerio, 306 F.3d at 775-76

(habeas petition procedurally defaulted when state court clearly and expressly relied on state law).

To be procedurally defaulted, a petitioner's claims also must be denied on "adequate" grounds. "A state procedural rule constitutes an adequate bar to federal court review if it was 'firmly established and regularly followed' at the time it was applied by the state court." Poland v. Stewart, 169 F.3d 573, 585 (9th Cir. 1999) (quoting Ford v. Georgia, 498 U.S. 411, 425 (1985)). The burden of proving adequacy is upon the state, and if the state does so, then the burden shifts to the petitioner to assert "specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." Bennett v. Mueller, 322 F.3d at 585-86 (9th Cir. 2003).

When describing a habeas petitioner's duty to plead with particularity and support his claims with documentary evidence, the Duvall court summarized a long-standing rule, citing a series of cases dating from the 1920's to the 1990's, when the opinion was written. Duvall, 9 Cal.4th at 474. Since then, California appellate courts have continued to affirm the Duvall requirements. E.g., In re Hawthorne, 35 Cal. 4th 40 (2005); In re Seaton, 34 Cal. 4th 193 (2004); see also Resp. Mem. at 3 (enumerating state cases discussing Duvall). Likewise, the Ninth Circuit has followed the California Courts, citing Duvall page 474 as requiring pleading with particularity and supporting documentary evidence. See, e.g., Griffey v. Lindsey, 345 F.3d 1058, 1066 n.11 (9th Cir. 2003) (vacated on other grounds as moot); King, 340 F.3d 823; see also Jones v. Woodford, 2008 WL 505230 at *36, 03cv1463-J (RBB) (S.D. Cal. 2008). These requirements are thus well-established, have been consistently applied for the better part of a century, and were firmly

in place when Petitioner submitted his state supreme court petition in 2007.  See Carter, 385 F.3d at 1198 (California procedural rule dating back to 1947 as independent and adequate procedural bar to federal review); Poland, 169 F.3d at 583-85 (state rule adequate when "consistently and regularly followed")

The burden therefore shifts to Petitioner to prove that the Duvall rules were not firmly established and regularly followed at the time the California Supreme Court denied his petition.  Bennett, 322 F.3d at 585-86.  Petitioner fails to make any arguments in this respect, much less support his burden with "specific factual allegations."[3]  Id.  Moreover, the Court's independent review of the law found no support for such an argument.  Petitioner thus fails to show that the state supreme court's citation to Duvall constituted anything but an adequate ground upon which to deny his claims.

The California Supreme Court also must have "actually relied" on the Duvall rule in its denial of Petitioner's petition.  Valerio, 306 F.3d at 773.  As Duvall was the only rationale provided by the supreme court, it was necessarily the one upon which it actually relied.

For the above reasons, the California Supreme Court's citation to Duvall constituted "actual reliance" on an "independent and adequate" procedural rule.  Petitioner's claims are therefore procedurally defaulted.

///

///

---

[3]Though he does not challenge the established nature of the Duvall requirements, Petitioner does argue that he plead with sufficient particularity when he completed the required form habeas petition.  Pet. Opp. at 2-5.  However, it is well established that federal habeas courts are not permitted to review state court applications of state procedural rules, and this Court thus lacks jurisdiction to address these contentions. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Poland, 169 F.3d at 584.

**2.   As Petitioner Neither Suffered Cause and Prejudice, Nor Argues Actual Innocence, His Claims are Procedurally Defaulted**

To overcome procedural default, Petitioner must demonstrate either cause for his default and prejudice resulting from the alleged constitutional violations, or that he is actually innocent, such that a failure to consider his claims will result in a fundamental miscarriage of justice. <u>Coleman</u>, 501 U.S. at 750 (standard based on "the important interest in finality" served by state procedural rules and the "significant harm ... that results from the failure of federal courts to respect them"); <u>Boyd v. Thompson</u>, 147 F.3d 1124, 1126 (9th Cir. 1998). Petitioner does not meet this burden.

"'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him," <u>Coleman</u>, 501 U.S. at 753 (emphasis in original), while prejudice is that resulting from the alleged constitutional errors, <u>id.</u> at 750. Unless a petitioner demonstrates excusable cause for his procedural default, a reviewing federal court need not reach the question of prejudice. <u>Engle v. Isaac</u>, 456 U.S. 107, 134 (1982); <u>Smith v. Baldwin</u>, 510 F.3d 1127, 1147 (9th Cir. 2007). Petitioner must therefore make an initial showing that external factors caused his failures to plead with particularity and support his claims with documentary evidence.

Petitioner contends that his state court pleadings were sufficiently particular, and that the California Supreme Court therefore erred in denying his petition. Pet. Opp. at 2-5. He does not, however, address the *causes* for his failure to plead with particularity; by stating, for example, that he lacked facts at the time of pleading, or suffered ineffective assistance of counsel when drafting the claims.

See Murray v. Carrier, 477 U.S. 478, 488 (enumerating external factors that may excuse procedural default). Petitioner therefore fails to excuse his non-compliance with the Duvall specificity requirement.

Petitioner does, however, imply that he is not to blame for the other source of procedural default- his failure to submit documentary evidence. Pet. Opp. at 3-5; P. Supp. Lodg. Though he concedes that his California Supreme Court petition neither referred to nor was accompanied by any exhibits, he appears to contend that this was not his fault. Pet. Opp. at 4. Although his argument is not entirely clear, Petitioner seems to state that, before filing his petition in the California Supreme Court, he mailed the court his exhibits, but that they never arrived. Id. This error was further compounded when, as he had apparently mailed his only copies, he was subsequently unable to refer to any exhibits when drafting his petition. Id.

This argument does not demonstrate excusable cause sufficient to overcome procedural default. It is both unclear and uncorroborated by evidence. See 28 foll. § 2254, Rule 2(c) (habeas petitioner must state facts supporting claims); Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1995) (habeas petitioner must support conclusions with evidence). Petitioner merely states that he "did not have any available documents to send to support his contentions" and therefore "did not refer to any exhibits in the California Supreme Court petition." Pet. Opp. at 4. These bare statements, absent supporting evidence, such as proof of efforts to obtain any missing documents or external factors impeding Petitioner's efforts, are insufficient to show cause for his procedural default. See Murray v. Carrier, 477 U.S. at 488; Davis v. Woodford, 384 F.3d 628 (9th Cir. 2004) (petitioner must offer explanation for procedural default).

1    Because Petitioner has not established cause, the Court need not
2 address the question of prejudice. Engle, 456 U.S. at 134; Smith, 510
3 F.3d at 1147. The Court may therefore only reach the merits of
4 Petitioner's habeas claims if, "in light of new evidence, 'it is more
5 likely than not that no reasonable juror would have found petitioner
6 guilty beyond a reasonable doubt,'" and whose continued incarceration
7 would therefore constitute a "miscarriage of justice." House v. Bell,
8 547 U.S. 518, 519, 536 (2006)(citing Schlup v. Delo, 513 U.S. 298, 324,
9 327 (1995)).

10    Petitioner has presented no such evidence here, nor does he argue
11 that he is actually innocent of the crimes of which he was convicted.
12 To the contrary, he has consistently admitted and taken full
13 responsibility for his actions, including the murder. See P. Lodg. 4 at
14 8-9. The miscarriage of justice exception to procedural default is
15 therefore inapplicable to this case.

16    In sum, Duvall provides independent and adequate state procedural
17 grounds for the California Supreme Court's denial of Petitioner's
18 claims. As Petitioner neither demonstrates cause for his procedural
19 default, nor contends actual innocence, a reviewing federal court may
20 not look beyond the default to the merits of the petition. Accordingly,
21 this Court recommends granting Respondent's Motion to Dismiss.

**CONCLUSION AND RECOMMENDATION**

23    For the foregoing reasons, IT IS HEREBY RECOMMENDED that the Court
24 issue an Order: (1) approving and adopting this Report and
25 Recommendation; (2) granting Respondent's Motion to Dismiss the
26 Petition; and (3) dismissing this action in its entirety with prejudice.

27    **IT IS ORDERED** that no later than **April 11, 2008**, any party to this
28 action may file written objections with the Court and serve a copy on

all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **May 2, 2008**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998).

DATED:  <u>March 20, 2008</u>

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　BARBARA L. MAJOR
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

COPY TO:

HONORABLE M. JAMES LORENZ
UNITED STATES DISTRICT JUDGE

ALL COUNSEL