UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY ROBERT BRATTON III,<br><br>Petitioner,<br><br>v.<br><br>ROBERT HERNANDEZ,<br><br>Respondent. | Civil No. 07cv1699-L(BLM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION** |

Petitioner Henry Robert Bratton III, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). The case was referred to United States Magistrate Judge Barbara Lynn Major for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1(d). Respondent moved to dismiss the Petition based on procedural default. The Magistrate Judge issued a Report and Recommendation, finding the Petition procedurally defaulted and recommending the motion to dismiss be granted. Petitioner timely objected. Respondent did not respond. For the reasons which follow, the Report and Recommendation is **ADOPTED**, Respondent's motion to dismiss is **GRANTED**, and the Petition is **DISMISSED**.

In reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made

by the magistrate judge." 28 U.S.C. § 636(b)(1). Under this statute, "the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made, but not otherwise*." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*) (emphasis in original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5 (D. Ariz. 2003) (applying *Reyna-Tapia* to habeas review). Upon performing the required *de novo* review, the court concurs with Judge Major's analysis and conclusion that Petitioner's claims are procedurally defaulted.

Petitioner is challenging the Board of Parole Terms' decision finding him unsuitable for parole. Petitioner filed habeas corpus petitions at all three levels of California state courts, Superior Court, Court of Appeal and Supreme Court. The Supreme Court denied the petition based on *People v. Duvall*, 9 Cal.4th 464, 474 (1995), for failure to state fully and with particularity the facts on which relief is sought and include copies of reasonable documentary evidence in support of the claim. (Report and Recommendation ("R&R") at 5, citing *inter alia*, *Carter v. Giurbino*, 385 F.3d 1194, 1196-97 (9th Cir. 2004).)

A habeas petition is procedurally defaulted when the last reviewing state court dismissed it for failure to comply with a state rule of procedure. *Trest v. Cain*, 522 U.S. 87 (1997). The Magistrate Judge found that the Supreme Court denied the petition by actually relying on an adequate and independent state procedural ground. (R&R at 5-7.) Petitioner does not challenge this finding. The Magistrate Judge further found that the Petition was procedurally defaulted and that Petitioner failed to make a sufficient showing to excuse the default (R&R at 7-10), findings to which Petitioner objects.

Petitioner objects to the Report and Recommendation arguing that he complied with the state procedural rules because his petition to the California Supreme Court was sufficiently particular. Federal courts reviewing a state habeas corpus petition are not permitted and lack jurisdiction under 28 U.S.C. § 2254 to review state court application of state procedural rules. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999). Moreover, Petitioner admitted he did not comply with the requirement to include

/ / / / /

exhibits.  (*See* Objections at 2.)  Accordingly, the Magistrate Judge's finding that the Petition is procedurally defaulted is not in error.

Petitioner also objects to the finding that the procedural default was not excused.  He claims that he did not include copies of reasonable documentary evidence in support of his claims to the California Supreme Court because he did not have any.  The Magistrate Judge considered this argument in determining whether Petitioner could overcome procedural default by showing cause for the default and actual prejudice.  (R&R at 8-10.)  "Procedural default is excused if 'the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'"

Cause "must be something external to the petitioner, something that cannot fairly be attributed to him.'"  *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) quoting *Coleman v. Thompson*, 501 U.S. 722, 750, 753 (1991).  In his opposition to Defendant's motion to dismiss and in his objections, Plaintiff asserts that he did not file any exhibits in the California Supreme Court because he did not have a set to file in the Supreme Court.  (Opp'n at 4, Objections at 2 & Ex. A.)  For an unknown reason, Petitioner had to file his exhibits twice in the Court of Appeal, thus using his spare set.  (*See* Opp'n at 4, Objections at 2 & Ex. A.)  While Petitioner supports with evidence his assertion that he had to make two filings in the Court of Appeal, he does not elaborate on the reasons why he could not obtain another set of exhibits.  If a petitioner does not demonstrate excusable cause for procedural default, a reviewing federal court need not reach the question of prejudice.  *See Smith v. Baldwin*, 510 F.3d 1127, 1147 (9th Cir. 2007).  Accordingly, the Magistrate Judge's finding that Petitioner did not show cause as required to excuse procedural default is not in error.  *Id*.

The only other ground to excuse procedural default is fundamental miscarriage of justice, *i.e.*, a showing that in light of new evidence, it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt.  *See Carter*, 385 F.3d at 1197; *House v. Bell*, 547 U.S. 518, 536 (2006).  Petitioner does not make any argument under this exception.

1   For the foregoing reasons, the Report and Recommendation is **ADOPTED**, Defendant's
2   motion to dismiss is **GRANTED**, and the Petition is **DISMISSED**.
3   **IT IS SO ORDERED**.

5   DATED: August 21, 2008

    _____
    M. James Lorenz
    United States District Court Judge

    COPY TO:

    HON. BARBARA LYNN MAJOR
    UNITED STATES MAGISTRATE JUDGE

    ALL PARTIES/COUNSEL